637 So.2d 731 (1994)
Joseph Samuel RISPONE
v.
LOUISIANA STATE UNIVERSITY AND AGRICULTURAL AND MECHANICAL COLLEGE and Board of Supervisors of Louisiana State University and Agricultural and Mechanical College.
No. CA 93 1057.
Court of Appeal of Louisiana, First Circuit.
May 20, 1994.
James Zito, Baton Rouge, for plaintiff-appellant.
Douglas W. Olsen, Baton Rouge, for defendant-appellant.
Before FOIL, PITCHER and PARRO, JJ.
FOIL, Judge.
This appeal challenges numerous aspects of the trial court's liability and quantum determinations. After a thorough review of the record, we find no error in the trial court's rulings, and we affirm.

DISCUSSION
Plaintiff, Joseph Samuel Rispone, filed this tort suit against Louisiana State University and its Board of Supervisors (LSU) after he sustained an injury at Alex Box Stadium on the LSU campus. The record reflects that on the evening of May 28, 1990, Mr. Rispone attended a baseball game at the stadium *732 which would determine whether LSU would advance to the College World Series. The game had to be rescheduled twice due to rain. It rained the weekend preceding the game, and the day of the game.
Mr. Rispone arrived at Alex Box Stadium, purchased a coke and french fries at the concession stand, then headed toward the left field baseline to find his seat. The evidence established that the pathway to the left field bleachers had puddles of water and that mud and water was being tracked into the bleachers by patrons. Mr. Rispone and his companions entered a set of temporary bleachers on the left field baseline, climbing up in the middle of the bleachers. Later, they decided to sit elsewhere. As Mr. Rispone was going down the bleachers, he hit an "awkward" step and fell face forward. The evidence established that Mr. Rispone broke two ribs and ruptured his achilles tendon as a result of the fall.
Following the presentation of the evidence, the trial court ruled that LSU failed to use reasonable care to provide a safe environment to its patrons. Specifically, the court found that the fall was caused by the existence of a non-uniform step in the temporary bleachers, which LSU was aware of, yet failed to provide a remedy or warning. The court assessed 90% fault to LSU, while allocating 10% fault to plaintiff for his "slight inattentiveness." Plaintiff was awarded $24,260.78 in lost wages and $80,000.00 in general damages. LSU appealed, challenging the liability, causation, and fault allocation rulings, along with the awards for lost wages and general damages. Mr. Rispone also appealed, contesting the trial court's allocation of 10% fault to him and the adequacy of the general damage award.

LIABILITY
In challenging the trial court's liability ruling, LSU admits that one non-uniform step did indeed exist in the bleachers where Mr. Rispone fell. This non-uniform step resulted because the temporary bleachers did not fit together properly. The trial court found as a fact that the normal step existing between the bleacher seats was twelve inches. However, the distance between the steps where Mr. Rispone fell was approximately one inch. The evidence also established that LSU was aware that this non-uniform step existed, yet failed to remedy it and failed to warn of its existence.
LSU insists that the existence of this non-uniform step did not render the bleachers unreasonably dangerous. In support of this argument, LSU relies on the fact that there were no reported accidents in over three years that the bleachers were in use. Also, LSU insists that even if the non-uniform step created a dangerous condition, it should have been obvious to all patrons, including plaintiff, and thus there was no duty to warn of the defect.
The trial court's finding that the non-uniform step created an unreasonable risk of harm to plaintiff is a factual finding which will not be reversed on appeal absent manifest error. After reviewing the record, we find that the court's conclusion was a reasonable one, which will not be disturbed by this court. Stobart v. State of Louisiana, Department of Transportation and Development, 617 So.2d 880 (La.1993).
LSU disputes the trial court's factual finding that the existence of the non-uniform step caused plaintiff's fall, contending that the fall was caused by plaintiff's own inattentiveness. LSU also contests the trial court's allocation of only 10% fault to plaintiff for his inattentiveness, while Mr. Rispone charges the the trial court should have found LSU solely at fault. However, these findings of fact are entitled to great weight and may not be disturbed in the absence of manifest error. Brooks v. City of Baton Rouge/Parish of East Baton Rouge, 558 So.2d 1177 (La. App. 1st Cir.), writ denied, 566 So.2d 982 (La.1990); Boudreaux v. Terrebonne Parish Police Jury, 477 So.2d 1235 (La.App. 1st Cir.1985), writ denied, 481 So.2d 133 (La. 1986). After reviewing the record, we are unable to say that the trial court erred in its causation determination, or its allocation of the percentages of fault, and we therefore decline to disturb those rulings.

QUANTUM
The trial court awarded Mr. Rispone $80,000.00 in general damages. Mr. Rispone *733 suffered a severe rupture of the achilles tendon. He spent months in casts, underwent extensive physical therapy, and has two permanent suture weights in the tendon to hold it in place. His treating physician opined that while Mr. Rispone has reached his maximum medical improvement, he will continue to have intermittent symptoms of swelling, tendinitis and inflammation in the right leg. The trial court also observed that Mr. Rispone's injured leg is smaller than the other, resulting from atrophy due to the injury.
Prior to the accident, Mr. Rispone was very active in athletics and community activities, including coaching. He also is an electrician whose company primarily does industrial contract jobs. Mr. Rispone was a field superintendent for his company, and climbing for inspections was a regular part of his job. The medical evidence established that Mr. Rispone suffered a 12% disability to his lower extremity and a 5% disability to his body as a whole. He is restricted from climbing, lifting, or standing for prolonged periods. Further, he may not climb ladders at work, walk on scaffolding or inspect above certain heights. All of these restrictions are permanent. As the trial court correctly observed, Mr. Rispone cannot assume full duties at work, and his coaching and other community activities are restricted due to the limitations.
In Youn v. Maritime Overseas Corporation, 623 So.2d 1257 (La.1993), cert. denied, ___ U.S. ___, 114 S.Ct. 1059, 127 L.Ed.2d 379 (1994), the Louisiana Supreme Court set forth the standard by which quantum awards are to be reviewed on appeal. Because the discretion vested in the trier of fact is great and even "vast," an appellate court should rarely disturb an award of general damages. An award may only be increased or decreased when it is beyond that which a reasonable trier of fact could assess for the effects of the particular injury to the particular plaintiff under the particular circumstances. Youn v. Maritime Overseas Corporation, 623 So.2d at 1261. The $80,000.00 general damage award is amply supported by the evidence in this case. After considering all of the evidence in this case, we cannot conclude that a rational trier of fact could not have fixed the award at the level set by the trial court, and we therefore decline to disturb it.
Lastly, LSU challenges the award for lost wages. Because this award is supported by the evidence, we shall not decrease it.

CONCLUSION
Based on the foregoing, the judgment appealed from is affirmed. All costs of this appeal, in the amount of $419.73, are assessed to appellants, Louisiana State University and Agricultural and Mechanical College and Board of Supervisors of Louisiana State University and Agricultural and Mechanical College.
AFFIRMED.